**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**LORI PRINTY and STEVEN BATEMAN, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

**-against-**

**FORSTER & GARBUS, LLP,**

**Defendant.**

**No.** 6:20-cv-6226

**CLASS ACTION**

**JURY DEMANDED**

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Lori Printy ("Printy") and Steven Bateman ("Bateman") bring this action to secure redress from unlawful collection practices engaged in by defendant Forster & Garbus, LLP ("Forster & Garbus"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York General Business Law §349 ("GBL §349").

2. Specifically, Plaintiffs complain that Forster & Garbus presents court clerks with affidavits listing disbursements which are not "necessary," in that they are not incurred or intended to be incurred, and which exceed the allowable statutory amount.

3. This injures Plaintiffs and other consumers by making them liable for inflated amounts.

4. The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

5. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

6. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

7. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

9. GBL §349 prohibits deceptive acts or practices against consumers in New York State in the conduct of any business, trade or commerce, or furnishing of any service.

10. Forster & Garbus files thousands of consumer debt collection actions for a

sum certain on an annual basis. In actions in which consumers default on these actions for a sum certain, Forster & Garbus submits to court clerks applications for default judgments, supported by attorney affirmations, pursuant to New York Civil Practice Law and Rules ("CPLR") 3215(a).

11. CPLR 3215(a) provides:

> § 3215. Default judgment. (a) Default and entry. When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him. If the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest. Upon entering a judgment against less than all defendants, the clerk shall also enter an order severing the action as to them. When a plaintiff has failed to proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the defendant may make application to the clerk within one year after the default and the clerk, upon submission of the requisite proof, shall enter judgment for costs. Where the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment.

12. Thus, the taxation of costs and disbursements is a ministerial act performed by the clerk.

13. These applications for default judgments generally include as part of the proposed judgment a request for certain taxable disbursements.

14. A party is "entitled to tax his necessary disbursements" for, among other disbursements, "(8) the sheriff's fees for receiving and returning one execution." CPLR §8301(a).

15. "Necessary" means that the judgment creditor intends to issue an execution.

16. Furthermore, even if any part of the sheriff's fee for one execution is legitimately claimed as necessary, the amount for taxing the sheriff's fees for receiving and returning one execution is $15.00 pursuant to CPLR §8011 (b)-(c), so that any amount claimed in excess of $15.00 is by statute improper and unnecessary.

17. On thousands of occasions each year, Forster & Garbus makes applications to court clerks supported by attorney affirmations for thousands of default judgments annually that include disbursements for prospective sheriff's execution fees where (a) no execution is ever issued and (b) the amount exceeds $15.

**JURISDICTION AND VENUE**

18. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

19. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**PARTIES**

20. Plaintiff Lori Printy ("Printy") is a natural person residing in Monroe County, New York.

21. Plaintiff Steven Bateman ("Bateman") is a natural person residing in Wayne County, New York.

22. Defendant Forster & Garbus LLP ("Forster & Garbus") is a law firm organized as a New York registered limited liability partnership. It has a principal place of business at 60 Motor Parkway, Commack, New York 11725.

23. Forster & Garbus is engaged in the business of collecting consumer debts,

using the mails and telephone system for that purpose.

24. Forster & Garbus states on its web site (http://forstergarbus.com/) that it "is a full service New York Law Firm concentrating on creditor's rights law since 1970."

25. Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

26. Forster & Garbus sought to collect from Printy and Bateman debts which were alleged to have been incurred in transactions engaged in primarily for personal, family, or household purposes.

27. Forster & Garbus files thousands of consumer collection cases each year in New York State courts, the vast majority of which result in applications for default judgments.

28. Default judgment applications in consumer collection cases, which are for a sum certain, are made in accordance with CPLR § 3215. With regard to disbursements, proposed default judgments are generally supported by an attorney affirmation affirming under penalty of perjury that the disbursements specified in the default judgment have been or will necessarily be made or incurred.

29. Taxable disbursements allowed in a judgment are set forth in CPLR §8301(a), which provides that a party to whom costs are awarded in an action is "entitled to tax his necessary disbursements" for, among various other disbursements, "(8) the

sheriff's fees for receiving and returning one execution."

30. Taxation of disbursements that are not necessary is not allowed pursuant to CPLR §8301(a).

31. The sheriff's fees for receiving and returning one execution is fifteen dollars ($15.00) pursuant to CPLR §8011(b) for a property execution and CPLR §8011(c) for an income execution.

32. Forster & Garbus' default judgment applications generally request a "Prospective Execution Fee" of $40.00 with regard to the sheriff's fees for receiving and returning one execution, regardless of whether any execution is ever issued.

33. The attorney affirmations supporting applications for default judgments that are submitted by Forster & Garbus recite that the execution is necessary. This is not true.

34. The claims brought by Plaintiffs in this action under the FDCPA and GBL §349 speak not to the propriety of any ruling by a judge, but to the deceptive and abusive course of conduct that Forster & Garbus pursues in applying for such default judgments by use of attorney affirmations (a) stating that prospective sheriff's execution fees are necessary when they are not necessary, and (b) claiming prospective sheriff's execution fees that exceed the statutorily authorized amount of $15.00 in CPLR §8011 (b) or (c).

35. On June 27, 2019, Forster & Garbus filed with the Monroe County Clerk's Office an application for a default judgment in a debt collection action against Printy in New York State Supreme Court, Monroe County, entitled *Jefferson Capital Systems, LLC v. Lori Printy*, Index No. E2019003902. A copy of the proposed default judgment that was signed by the Monroe County Clerk is attached as Exhibit A.

36. The application for the default judgment included a $40.00 disbursement for a sheriff's "Prospective Execution Fee." *Id*. An affirmation in the proposed judgment by an attorney employed by Forster & Garbus affirmed under penalty of perjury that the disbursements specified in the proposed default judgment "have been or will necessarily be made or incurred." *Id*.

37. Even though Forster & Garbus affirmed that the prospective execution fee of $40.00 was or will be necessarily incurred, no such prospective execution fee is necessary with respect to Printy.

38. Printy is on SSI and owns no non-exempt assets subject to a judgment. No sheriff's execution has been issued against Printy, and none is necessary. The "Prospective Execution Fee" claimed in the default judgment (Exhibit A) is not a necessary disbursement.

39. Furthermore, the "Prospective Execution fee" of $40.00 in the application for default judgment against Printy exceeds the $15 allowed by statute for one sheriff's execution fee.

40. Printy learned of the $40 "Prospective Execution fee" prior to the filing of this action.

41. Printy has been injured as a result of Forster & Garbus' deceptive and abusive actions in affirming that a disbursement of $40.00 was or will be necessarily incurred for a prospective sheriff's execution.

42. On August 26, 2019, Forster & Garbus filed with the Wayne County Clerk's Office a proposed default judgment in a debt collection action against Bateman in New York State Supreme Court, Wayne County, entitled *Portfolio Recovery Associates,*

*LLC v. Steven Bateman*, Index No. CV084118. The purpose of submitting the proposed default judgment to the Wayne County Clerk was for the County Clerk's approval. A copy of the default judgment as signed by the Wayne County Clerk is attached as Exhibit B.

43. The application included a $40.00 disbursement for a sheriff's "Prospective Execution Fee." *Id*. An affirmation in the proposed judgment by an attorney employed by Forster & Garbus affirmed under penalty of perjury that the disbursements specified in the proposed default judgment "have been or will necessarily be made or incurred." *Id*.

44. Even though Forster & Garbus affirmed that the prospective execution fee of $40.00 was or will be necessarily incurred, no such prospective execution fee is necessary with respect to Bateman.

45. Bateman is on social security disability and owns no non-exempt assets subject to a judgment. No sheriff's execution has been issued against Bateman, and none is necessary. The "Prospective Execution Fee" claimed in the default judgment (Exhibit B) is not a necessary disbursement. '

46. Furthermore, the "Prospective Execution fee" of $40.00 in the application for default judgment against Bateman exceeds the $15 allowed by statute for one sheriff's execution fee.

47. Bateman learned of the $40 "Prospective Execution fee" prior to the filing of this action.

48. Bateman has been injured as a result of Forster & Garbus' deceptive and abusive actions in affirming that a disbursement of $40.00 was or will be necessarily

incurred for a prospective sheriff's execution.

**CLASS ACTION ALLEGATIONS**

49. Plaintiffs Printy and Bateman bring this action on behalf of a class, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

50. The class consists of (a) all individuals (b) sued in a New York state court (c) where an Additional Notice of Consumer Credit Action was filed (d) where Forster & Garbus filed an attorney affirmation that claimed a necessary disbursement for one prospective sheriff's execution fee (d) where either no execution was issued or the amount sought was in excess of $15.

51. For purposes of the FDCPA claim, the class includes individuals where the affirmation was filed on or after a date one year prior to the filing of this action. For purposes of the GBL §349 claim, the class includes individuals where the affirmation was filed on or after a date 3 years prior to the filing of this action. *Gaidon v. Guardian Life Ins. Co.*, 96 N.Y.2d 201, 208, 727 N.Y.S.2d 30, 750 N.E.2d 1078 (2001).

52. Based on the volume of filings and default judgments by Forster & Garbus, the members of the class exceed 40 in number. The class is therefore so numerous that joinder of all members is impracticable.

53. There are questions of law and fact common to the class members, which predominate over any questions affecting only individual class members. The principal common questions are:

a. Whether Forster & Garbus attorney affirmations that seek a prospective sheriff's execution fee are deceptive or unfair, when no execution is issued.

b. Whether Forster & Garbus attorney affirmations that seek a prospective sheriff's execution fee exceeding $15 are deceptive or unfair.

c. Whether the filing of such affirmations violates the FDCPA.

d. Whether the filing of such affirmations violates GBL §349.

54. The only individual issues are the identification of the class members and damages. This can readily be determined from Defendant's records or court records.

55. Plaintiffs' claims are typical of those of the class members. All claims are based on the same facts and legal theories.

56. Plaintiffs will fairly and adequately represent class members' interests. They have retained counsel experienced in bringing class actions pursuant to the FDCPA and GBL § 349.

57. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a. The amount of each claim is too small to make individual litigation economical.

b. Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

c. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

d. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

e. Individual actions raising the same legal issue, even if economically feasible, would not be in the interests of judicial economy.

**FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e AND 1692f**

58. Plaintiffs incorporate paragraphs 1-57.

59. Forster & Garbus violated 15 U.S.C. §§1692, 1692e, 1692e(10), 1692f and 1692f(1) by:

a. Filing attorney affirmations stating that a prospective execution fee was a necessary disbursement even though no execution was issued;

b. Filing attorney affirmations seeking a prospective execution fee exceeding $15.

60. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

61. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. .

. .

62. The charges for executions were not authorized by any agreement and not permitted by New York law.

63. Plaintiffs and each class member were damaged by the conduct complained of.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class and against Defendant for:

i. Statutory damages;

ii. Actual damages equal to the improper fees;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other or further relief as is proper.

**SECOND CLAIM – VIOLATIONS OF GBL § 349**

64. Plaintiffs incorporate paragraphs 1-57.

65. Forster & Garbus engaged in deceptive practices in violation of GBL §349 by:

a. Filing attorney affirmations stating that a prospective execution fee was a necessary disbursement even though no execution was issued;

b. Filing attorney affirmations seeking a prospective execution fee exceeding $15.

66. Plaintiffs and each class member were damaged by the conduct complained of.

67. New York General Business Law §349(a) provides as follows: "Deceptive

acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

68. Forster & Garbus' deceptive conduct was consumer oriented in that it was directed against and harmed thousands of consumers.

69. Forster & Garbus' practices were deceptive and misleading in a material way.

70. The conduct complained of was likely to harm a reasonable consumer acting reasonably under the circumstances.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class and against Defendant for:

i. Statutory damages;

ii. Actual damages equal to the improper fees;

iii. Treble damages;

iv. Appropriate injunctive relief;

v. Attorney's fees, litigation expenses and costs of suit;

vi. Such other or further relief as is proper.

Dated: April 9, 2020

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by Jury.

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan

Attorney for Plaintiff
46 Helmsford Way
Penfield, NY 14526
(585) 330-2222
dmkaplan@rochester.rr.com

s/Tiffany N. Hardy
Tiffany N. Hardy (member of the bar)
Daniel A. Edelman (pro hac vice to be submitted)
Cathleen M. Combs (pro hac vice to be submitted)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

T:\36906\Pleading\Complaint 4-9-20 DAE revision_Pleading.WPD